United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Donna Pectol,<br>Petitioner<br><br>v.<br><br>Sec'y, Fla. Dep't of Corr.,<br>Respondent. | )<br>)<br>)<br>) Civil Action No. 22-61525-Scola<br>)<br>) |

### Order on Petition for Writ of Habeas Corpus

Before the Court is Petitioner Donna Pectol's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The Petitioner challenges the constitutionality of her state convictions and sentences on charges of first-degree murder in the Seventeenth Judicial Circuit for Broward County.

The Respondent filed a response (ECF No. 10), with an index to appendix (ECF No. 10-1) including attached exhibits 1–18 (ECF No. 10-2) and a notice of filing transcripts (ECF No. 11) with the attached trial transcript (ECF No. 11-1) and sentencing transcript (ECF No. 11-2). The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is dismissed in part and denied in part.

**1. Background**

On June 25, 2015, the Petitioner was indicted on one count of first-degree murder with a deadly weapon. (*See* ECF No. 10-2 at 2–3). She proceeded to trial and the jury heard from multiple witnesses that the Petitioner and victim were neighbors who had been friends but were no longer friends around the time of the incident. (*See* ECF No. 11-1 at 781, 812). On the incident day, several neighbors responded to the victim's screams. (*See id.* at 696). Through a clouded glass window, they could see the victim inside her home being stabbed by the Petitioner. (*See id.* at 692–94). The neighbors entered, the Petitioner retreated, and the victim died shortly thereafter in a pool of her own blood. (*See id.* at 696). The Petitioner was discovered hiding in a bedroom

inside the victim's home. (*See id.* at 819–20). The Petitioner appeared calm, alert, and uninjured. (*See id.* at 819–20). When asked what she had done, the Petitioner raised her hands and stated "what have I done? What have I done? She's going to be just fine. She's going to be fine." (*Id.* at 820:11–12). Three bloody knifes were discovered in the home. (*See id.* at 929–33).

On September 28, 2018, the jury found the Petitioner guilty as charged. (*See* ECF No. 10-2 at 5). She was adjudicated guilty and sentenced to a mandatory term of life in prison. (*See id.* at 7–8).

The Petitioner appealed, and on January 30, 2020, the Fourth District Court of Appeal per curiam affirmed her conviction without a written opinion. *See Pectol v. State*, 289 So. 3d 903 (Fla. 4d DCA 2020). Back at the trial court, the Petitioner filed a Rule 3.850 motion for postconviction relief which was denied and affirmed on appeal. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022).

The instant petition was docketed on August 2, 2022.

**2. Legal Standard**

**Deference Under § 2254**

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state

court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it

"addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313

(11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion
#### a. Timeliness

The Respondent concedes, and the Court confirms, that the petition was timely filed. (*See* ECF No. 10 at 10).

#### b. Exhaustion/Procedural Bars

A federal district court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). The State must be given "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). The prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. *Id.* In Florida, exhaustion is ordinarily accomplished on direct appeal; and if not, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).

The Respondent asserts that Grounds One, Three, Four, Five, and Six are unexhausted and procedurally barred. Having reviewed the record in full, the Court agrees with the Respondent. While the Petitioner raised these issues

in her direct appeal, she framed them solely as errors of state law. "[A] mere error of state law . . . is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (cleaned up); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Smith v. Graham*, 2022 WL 3691232, at *11 (W.D.N.Y. July 25, 2022) (claim that trial court erroneously granted prosecutor's cause challenge did not implicate any federal constitutional concerns and was not cognizable on federal habeas review), *report and recommendation adopted*, 2022 WL 3684935 (W.D.N.Y. Aug. 25, 2022).

In her initial brief on direct appeal, the Petitioner raised the issues in Grounds One, Three, Four, Five, and Six as violations of state, and not federal, law and she cited exclusively to state statutes and cases in support of these grounds. (*See* ECF No. 10-2 at 22–72). The Petitioner did not "put the state court on notice that [she] intended to raise a federal claim." *Preston v. Sec'y, Florida Dept. of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015). As such, there is no state court adjudication of a federal constitutional claim to review; and because the Petitioner cannot return to state court to exhaust these issues, Grounds One, Three, Four, Five, and Six are procedurally barred from federal habeas review.

**Equitable Exceptions**

The Court additionally finds that the "cause and prejudice" and "actual innocence" equitable exceptions do not apply. *Dretke v. Haley*, 541 U.S. 386, 393 (2004). The Petitioner bears the sole burden of proving that either one of these exceptions apply.  *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]"). The Court concludes that the Petitioner fails to establish that either of these exceptions excuses her

procedurally barred claims. (*See generally* ECF No. 1). Accordingly, Grounds One, Three, Four, Five, and Six are dismissed as procedurally barred.

### c. The Merits

The Court proceeds to address the merits of the remaining grounds.

### Ground Two

The Petitioner asserts the "[trial] [c]ourt erred in granting [the] State's preemptory challenge to juror Preston [a black female]." (ECF No. 1 at 7). As grounds, she states that "Juror Preston's daughter had been arrested for prostitution in Ohio. The defense had pointed out other prospective jurors had family members who had been arrested but court (sic) allowed preemptory challenge by State (sic)." (*Id.*). Under federal law, the following burden-shifting framework governs:

> First, the defendant must make out a prima facie case "by showing that the totality of the relevant facts give rise to an inference of discriminatory purpose." Second, once the defendant has made out a prima facie case, the "burden shifts to the State to explain adequately the racial exclusion" by offering permissible race-neutral justifications for the strikes. Third, "if a race-neutral explanation is tendered, the trial court must then decide … whether the opponent of the strike has proved purposeful racial discrimination."

*Johnson v. California*, 545 U.S. 162, 168 (2005) (quoting *Batson v. Kentucky*, 476 U.S. 79, 93–94 (1986) (first two quotations) and *Purkett v. Elem*, 514 U.S. 765, 767 (1995) (last quotation)). A legitimate reason for exercising the challenge is not required to make sense, be persuasive or even plausible; it need only be one that does not deny equal protection. *See Purkett v. Elem*, 514 U.S. at 768-69; *see also United States v. Walker*, 490 F.3d 1282, 1293 (11th Cir. 2007) ("Under *Batson*, almost any plausible reason can satisfy the striking party's burden, as long as the reason is race or gender neutral. Courts have upheld reasons deemed to be superstitious, silly, or trivial, as long as they are race or gender neutral.") (citation omitted).

The state trial judge's genuineness determination is a "pure issue of fact, subject to review under a deferential standard … [and] peculiarly within a trial

judge's province." *McNair v. Campbell*, 416 F.3d 1291, 1310 (11th Cir. 2005) (citation omitted). Here, the record shows that the trial court engaged in a genuineness analysis and found the State's reasons to be both race-neutral and genuine. (*See* ECF No. 11-1 at 508). Juror Preston's remark that she was "wrongly picked up [by the police] for solely being in the wrong area" (*id.* at 249:3–4), her agreement that her daughter had bad experiences with law enforcement (*see id.* at 360:13–15), and her subsequent vacillation that "it really wasn't a bad experience" concerning her daughter (*see id.* at 360–61) was a reasonable basis for the State striking her from the panel. *See McNair*, 416 F.3d at 1310. In sum, the Court concludes that the Petitioner fails to demonstrate that the state courts' decision rejecting her claim was contrary to or involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Ground Two is thus denied.

**Ground Seven**

The Petitioner argues that her trial counsel rendered ineffective assistance in failing to properly argue a motion for judgment of acquittal on the issue of premeditation. (*See* ECF No. 1 at 16). This claim is refuted by the record as trial counsel did, in fact, make an extensive motion for judgment of acquittal arguing that the State failed to prove premeditation. (*See* ECF No. 11-1 at 1152–53, 1161–73, 1193-99). Although the motion was denied by the trial court, trial counsel properly argued the motion and preserved the issue of premeditation for appeal. Therefore, Ground Seven is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88. *See Jackson v. Sec'y, Florida Dept. of Corr.*, 456 Fed. Appx. 827, 830 (11th Cir. 2012) ("A counsel's performance is not deficient simply because the court overruled his objection."); *Petz v. Sec'y, Dept. of Corr.*, 2008 WL 5142465, at *13 (M.D. Fla. Dec. 5, 2008) ("Counsel did argue for acquittal on the robbery with a firearm charge and cannot be faulted because the [trial court] ruled contrary to his argument.").

### Ground Eight

The Petitioner argues that her counsel was ineffective for failing "to introduce mitigating factors to the jury during trial." (ECF No. 1 at 17). She explains that she "did not have a criminal history prior to this charge, she had many mental and physical ailments, and those factors should have been presented to the jury for mitigation purposes." (*Id.*). The Petitioner is mistaken as the rules of evidence precluded her counsel from making these arguments to the jury. As the Respondent correctly explains:

> "[M]itigation" is not a defense to murder. "Mitigation" typically arises at sentencing. The jury determined whether Petitioner was guilty or not guilty (T 1355-1370). This was not a death penalty case and thus the jury did not participate in sentencing (T 3, 41; ST 1-11). The sentence was imposed by the trial judge and the mandatory sentence was life in prison (ST 8; Ex. 3 at 6).
>
> Furthermore, the jury was specifically instructed that voluntary intoxication resulting from the use of alcohol is not a defense to any crime (T 1370). "Evidence of a defendant's voluntary intoxication may not be taken into consideration to show that [Petitioner] lacked specific intent to commit any crime." (T 1370). Whether Petitioner had health issues or lacked a criminal history was not relevant to the issues at trial.

(ECF No. 10 at 53). Accordingly, Ground Eight is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Nine

The Petitioner asserts that her trial counsel was ineffective for advising her not to testify on her own behalf. (*See* ECF No. 1 at 17). This claim was rejected by the state postconviction and appellate courts. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). On two occasions during trial the Petitioner represented to the court that it was her decision not to testify:

> THE COURT: I'm going to ask you few questions and see if

your attorney wants to ask you anything. Did you have enough time to decide whether you want to testify?

THE DEFENDANT: Yes.

THE COURT: And would you like to testify?

THE DEFENDANT: No.

THE COURT: Are you doing it on (sic) own free will?

THE DEFENDANT: Yes.

THE COURT: Would you like to have more time to think about it tonight?

THE DEFENDANT: No.

THE COURT: Has anybody forced you not to testify?

THE DEFENDANT: No.

THE COURT: You had sufficient time to talk to your attorneys about it, correct?

THE DEFENDANT: Yes.

THE COURT: Anything else you want me to advise her of, Mr. Halperin?

MR. HALPERIN: Well, I like to, when I advise her, I told her she has every right to disregard my advice and testify. Even though my advice to her is not to testify. But she goes along with it. I also like to explain, which I did to Donna, if she chooses not to testify, which is my advice, you will read an instruction to the jury that basically says the jury cannot hold it against her. If she decides to testify against my advice, the jury would be told that they have to treat her testimony the same as they would any other witnesses. And of course, she will be subject to cross examination. And if she is a convicted felon, the State can bring up the fact that she is a convicted felon and how many times, without getting into the nature of the priors.

THE COURT: Okay. So Miss Pectol, hearing all that from

> Mr. Halperin and listening to me, would you like to testify?
>
> THE DEFENDANT: No. Thank you.
>
> THE COURT: Thank you. You will let me know tomorrow if you change your mind?
>
> THE DEFENDANT: Yes.

(ECF No. 11-1 at 1174-75). The next day the trial court engaged in a second colloquy with the Petitioner:

> THE COURT: You remember we had a discussion yesterday about whether or not you wanted to testify?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You have every right to testify. And do you feel you would like to testify today?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: And you had a chance to talk to your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Halperin made a record yesterday. And you have every right, **even though he said that he didn't think you should, you have every right to go forward and testify. Do you understand that?**
>
> THE DEFENDANT: **Yes**.
>
> THE COURT: Anything else, Mr. Halperin?
>
> MR. HALPERIN: No, ma'am.
>
> THE COURT: Thank you so much, Miss Pectol.

(ECF 11-1 at 1185-86) (emphasis added). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly

incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court finds the Petitioner's solemn declarations veritable and her contentions in Ground Nine wholly incredible in the face of the record. *See id.* Ground Nine is thus denied.

### Ground Ten

The Petitioner claims her trial counsel was ineffective for failing to have her "evaluated by a psychological expert." (ECF No. 1 at 18). The Petitioner explains that "[c]ounsel relied on circumstantial evidence to demonstrate innocence of the [Petitioner]. It would have been reasonable for counsel to call on psychological experts to evaluate the [Petitioner] as the burden of premeditation was on the State." (*Id.*). This claim was rejected by the state postconviction and appellate courts. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). This claim is a variation of the Petitioner's argument in Ground Eight and so the Court denies relief for the reasons explained above.

Moreover, "complaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and allegations of what a witness would have testified are largely speculative." *Shaw v. United States*, 729 F. App'x 757, 759 (11th Cir. 2018) (cleaned up). In assessing a claim of ineffective assistance of counsel, "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that the court will seldom, if ever, second-guess." *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) (cleaned up). It was thus reasonable for the state courts to reject Petitioner's speculative claim of prejudice concerning the testimony of uncalled witnesses, and Ground Ten is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Eleven

The Petitioner claims her trial counsel was ineffective for allowing inconsistent testimony by Patricia Clappison to bias the jury against the Petitioner. (*See* ECF No. 1 at 19). This claim was rejected by the state

postconviction and appellate courts. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

First, the record shows that trial counsel impeached Ms. Clappison with inconsistencies in her initial police statement and trial testimony. (*See* ECF No. 11-1 at 768-69, 771-72, 773-74, 777, 780-81, 785-86). Trial counsel also attacked Ms. Clappison's testimony in closing argument. (*See id.* at 1305-07). Second, "[t]he decision as to whether to cross-examine a witness is "a tactical one well within the discretion of a defense attorney. Absent a showing of a single specific instance where cross-examination arguably could have affected the outcome of either the guilt or sentencing phase of the trial, the petitioner is unable to show prejudice necessary to satisfy the second prong of *Strickland*." *Fugate v. Head*, 261 F.3d 1206, 1219 (11 Cir. 2001) (cleaned up). The Petitioner fails to make such a showing. (*See* ECF No. 1 at 19). It was thus reasonable for the state courts to reject Petitioner's claim, and Ground Eleven is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Twelve

The Petitioner asserts her trial counsel rendered ineffective assistance in allowing testimony by Lisa Wisher, a witness who had motive to testify against the Petitioner in a negative manner. (*See* ECF No. 1 at 19). The Petitioner explains that Ms. Wisher had a previous felony conviction and "[s]he and the [Petitioner] did not get along[.]" (*Id.*). This claim was rejected by the state postconviction and appellate courts. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

The record shows that Ms. Wisher was a key eyewitness for the State. (*See* ECF No. 11-1 at 813–22). Ms. Wisher's testimony was relevant, material,

and there were no grounds for counsel to keep the witness from testifying. Thus, counsel cannot be deemed ineffective for failing to make a meritless objection. *See Chandler*, 240 F.3d at 917. Moreover, the record shows that the Petitioner's counsel impeached Ms. Wisher with her felony conviction on cross examination. (*See* ECF No. 11-1 at 858). In sum, the Petitioner's claims are meritless and refuted by the record. Ground Twelve is thus denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Thirteen

The Petitioner claims that her counsel was ineffective for failing "to disqualify juror Sharon Marcus and [u]tilize [an] alternate juror." (ECF No. 1 at 20). The Petitioner claims that this juror wrote a letter to the Court explaining that the trial was interfering with her personal and professional life, including "a conference she was to attend in Washington, DC. Her attitude and demeanor of a frustrated juror is likely to have been transferred to other jurors, and caused a quick verdict." (*Id.*). This claim was rejected by the state postconviction and appellate courts. *See Pectol v. State*, 339 So. 3d 352 (Fla. 4d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). As the Respondent explains:

> Petitioner's allegations are contradicted by the record. Ms. Marcus's note to the trial judge stated:
>
> Judge McCarthy,
>
> I have passed a note for your attention yesterday, I am uncertain if you have seen it or not. But as we enter the 2nd day of deliberation, if the trial does not conclude today, I must inform you that I am unable to continue as a juror. I will be unavailable on Monday August 24th. Please find attached documents evidencing my commitment to a professional conference.
>
> Sincerely,
>
> Sharon Marcus

> In her note, Ms. Marcus did **not** ask to be removed from the jury because she felt "taken advantage of" or a "lack of consideration for her personal or professional life" (Ex. 13 at 532). Ms. Marcus did **not** express frustration. She simply advised the trial court of her prior commitment and that she would not be able to deliberate if deliberations continued into the next week.
>
> The trial court and counsel discussed the note (T 1269-1271). Defense counsel did not ask the trial court to take any action based on the note (T 1270). The trial court ultimately filed Ms. Marcus's letter and took no action (T 1271).
>
> Ms. Marcus's note did not provide any credible basis to have her removed. Consequently, trial counsel cannot be deemed ineffective for failing to raise a meritless argument. *See Diaz v. Sec'y for Dep't of Corr.,* 402 F.3d 1136, 1142 (11th Cir. 2005) (failure to raise meritless arguments will not render counsel's performance ineffective).

(ECF No. 10 at 63). Because the Petitioner's claims are refuted by the record, Ground Thirteen is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### d. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.,* 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes the Petitioner's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [the Petitioner's] claim[s] without further factual development[,]" she is not entitled to an evidentiary hearing. *Turner v. Crosby,* 339 F.3d 1247, 1275 (11th Cir. 2003).

### e. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, she must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists" would find the correctness of the district court's rulings "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, Petitioner Donna Pectol's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **dismissed** in part and **denied** in part. Grounds One, Three, Four, Five, and Six are dismissed as procedurally barred. Grounds Two, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen are **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, the Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** the case.

**Done and ordered**, in chambers, in Miami, Florida, on May 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Donna Pectol
D36965
Lowell Correctional Institution
Inmate Mail/Parcels
11120 NW Gainesville Road
Ocala, FL 34482
PRO SE